PER CURIAM:
This claim in the amount of $238.91 was advanced by the claimants in order to recover taxes paid in the purchase of a new 1991 S-10 Chevrolet truck. The truck was repurchased by the manufacturer due to manufacturer defects. Claimant did not attempt to recover the described taxes from the manufacturer, General Motors.
Respondent avers that the Court lacks jurisdiction to allow a refund for sales tax. Respondent, however does stipulate that the sales tax was paid and collected by the State in the described amount of $238.91. It is the opinion of the Court that the claimants lack standing to recover the sales tax in an action in the Court of Claims. WV Code §46A-6A-4(a) et seq. provides in part that in a civil action by a consumer:
(a) If the nonconformity results in substantial impairment to the use or market value of the new motor vehicle and the manufacturer has not replaced the new motor vehicle pursuant to the provisions of section three [§46A-6A-3] of this article, or if the nonconformity exists after a reasonable number of attempts to conform the new motor vehicle to the applicable express warranties, the consumer shall have *11 a cause of action against the manufacturer in the circuit court of any county having venue.
(b) In any action under this section, the consumer may be awarded all or any portion of the following:
® The cause of action provided for in this section shall be available only against the manufacturers.
The claimant had a legitimate cause of action against the manufacturer for a refund of the sales tax or registration fee paid to the State. He did not, for whatever reason, assert or collect it, taking a settlement that did not include provision for the refund of said tax or fee. In the opinion of the Court the State has no moral obligation to make a refund of the tax or fee which the claimant might have collected from the manufacturer.
As this Court lacks jurisdiction over the subject matter of this claim, the Court must deny the claim. See also Linksweiler vs. Division of Motor Vehicles, CC-90-295, an unpublished opinion, issued February 22, 1991.
Claim disallowed.